IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EMORY LAWRENCE ALEXANDER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-298-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Emory Lawrence Alexander, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

In May 2014 Petitioner was indicted in Jack County, Texas, Case No. 4600, for murdering Broderick Dean by stabbing him with a knife. Tr. 4, ECF No. 13-12. Four days before trial, Petitioner elected to represent himself and his court-appointed counsel acted as standby counsel. *Id.* at 17-20. Petitioner's jury trial commenced on January 20, 2015, after which the jury found Petitioner guilty of the offense and assessed his punishment at 85 years' imprisonment. *Id.* at 21. Petitioner's conviction was affirmed on appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review. Electronic R., ECF No. 12-1. Petitioner also challenged his conviction in a postconviction state habeas-corpus application, which was denied by the Texas Court

of Criminal Appeals without written order. SHR[1] Action Taken, ECF No. 13-19. This federal petition followed.

The evidence at trial reflects that on the night of February 26, 2014, in Jacksboro, Texas, Petitioner and Broderick Dean, who had recently met, got into an altercation and that Petitioner stabbed Dean in the doorway of Dean's house two times with a knife. Petitioner then chased Dean down the street where Dean collapsed and died. Reporter's R., vol. 2, 212-27, ECF No. 12-5 & vol. 3, 10-13, ECF No. 12-6. Jerrod Burkett, a friend of Dean's, witnessed the altercation in the doorway but did not realize that Dean had been fatally stabbed. Reporter's R., vol. 2, 227, ECF No. 12-5. Petitioner did not call 911 or attempt to aid Dean in any way. Reporter's R., vol. 4, 25, 32 ECF No. 12-7. Shortly afterward, Petitioner stole his uncle's car and fled to Dallas. *Id.* at 44, 57. Petitioner testified on his own behalf and admitted to stabbing Dean but claimed that Dean "had a reputation for using a weapon against people," that Dean was the aggressor, and that he stabbed Dean in self-defense. *Id.* at 19, 20-27, 30, 34, 48. Petitioner denied chasing Dean into the street after stabbing him as the threat of imminent harm had passed. *Id.* at 24.

**II. ISSUES**

Petitioner raises seven grounds for relief that fall within the following general categories:

(1) prosecutorial misconduct (grounds one, two, and three);

(2) incomplete appellate record (ground four);

(3) "estopple [sic] by silence" (ground five);

(4) trial court error (ground six); and

(5) ineffective assistance of appellate counsel (ground seven).

---

[1] "SHR" refers to the record of Petitioner's state habeas proceeding in WR-87,682-01.

Pet.6-8, ECF No. 1.[2, 3]

**III. RULE 5 STATEMENT**

Respondent believes that Petitioner has exhausted his state-court remedies as to the claims raised and that the petition is neither successive nor time-barred. Resp't's Answer 7, ECF No. 11.

**IV. DISCUSSION**

**A. Standard of Review**

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001).

---

[2]Because Petitioner inserted extra pages into the form petition, the pagination in the ECF header is used.

[3]To the extent Petitioner's raises new legal and/or factual claims for relief in his reply brief that were not raised in his petition, the claims are not considered. *See Auvenshine v. Davis,* No. 4:17-CV-294-Y, 2018 WL 2064704, at *4 (N.D. Tex. May 3, 2018).

Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963); *Pondexter v. Dretke,* 346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002). It is the petitioner's burden to rebut the presumption of correctness. Further, when a state court denies a federal claim in a state habeas-corpus application without written opinion, a federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law" in making its decision. *Johnson v. Williams,* 568 U.S. 289, 298 (2013); *Richter,* 562 U.S. at 99; *Schaetzle v. Cockrell,* 343 F.3d 440, 444 (5th Cir. 2004).

In this case, Petitioner raised his claims in his state habeas application, however no express findings of fact, conclusions of law, or written opinion were entered by the state courts. SHR[4] 6-10, ECF No. 12-30. Thus, absent clear and convincing evidence, such evidence not having been presented by Petitioner, this Court will imply fact findings consistent with the state courts' denial of the claims and assume that the state courts adjudicated the claims on the merits and applied the correct federal law in making their decision.

**B. Prosecutorial Misconduct**

Under grounds one, two, and three, Petitioner claims that the state engaged in prosecutorial misconduct by—

→ suppressing the shoes collected from Petitioner;
→ using the perjured testimony of Jerrod Burkett; and
→ making deals with witnesses in exchange for their testimony and denying Petitioner an opportunity to confront witnesses.

---

[4]"SHR" refers to the record in Petitioner's state habeas proceeding in WR-87,682-01.

Pet. 6-7, ECF No. 1.

Under the first claim, Petitioner asserts that the prosecution suppressed the shoes he was wearing on the night in question, which could have impeached the testimony of two state witnesses and disproved the state's theory that Petitioner was the aggressor. *Id.* at 6. According to Petitioner, had he chased Dean down the street, his shoes would have had Dean's blood on them; thus, the state "had a legal obligation to produce the shoes for authentication and admission into evidence." *Id.* at 6; Pet'r's Traverse 5, ECF No. 15; Reporter's R., vol. 2, 189, ECF No. 12-5. Deferring to the state courts' implied finding that the claim lacks merit, the state courts' determination is not objectively unreasonable. "*Brady* claims involve 'the discovery, *after* trial of information which had been known to the prosecution but unknown to the defense.'" *United States v. Agurs,* 427 U.S. 97, 103 (1976) (emphasis added). There are three essential components of a *Brady* prosecutorial-misconduct claim: (1) the evidence was suppressed by the state; (2) the evidence was favorable to the defense either because it is exculpatory or impeaching; and (3) the evidence was material to guilt or punishment. *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999); *Brady v. Maryland,* 373 U.S. 83, 87 (1963). Where a defendant fails to establish any one component*,* a court need not inquire into the other components. *See United States v. Runyan,* 290 F.3d 223, 245 (5th Cir. 2002). Deferring to the state courts' implied finding that Petitioner could not establish one or more of the *Brady* components, the state courts' determination is not objectively unreasonable. Petitioner's claim is wholly conclusory, and such claims are insufficient to entitle a habeas petitioner to relief. *See Ross v. Estelle,* 694 F.2d 1008, 1011-12 (5th Cir. 1983). There is absolutely no evidence in the record that the state suppressed or withheld the shoes from the defense. In fact, the record reflects that Petitioner had knowledge before trial that the state was in possession of the clothes he was wearing at time of the offense,

5

including the shoes, that the shoes had been tested for DNA, and that only Petitioner's DNA was detected on the shoes. Reporter's R., vol. 2, 188-89, ECF No. 12-5; Reporter's R., vol. 4, 39, ECF No. 12-7.

Under the second claim, Petitioner asserts that the state used the perjured testimony of Jerrod Burkett. Pet. 6, ECF No. 1. Specifically, Petitioner asserts that in Burkett's first video-recorded statement to police given the day after the murder, Burkett stated that due to his alcohol consumption he was too intoxicated to remember the details of the night before, which was inconsistent with his trial testimony. Deferring to the state courts' implied finding that the claim lacks merit, the state courts' determination is not objectively unreasonable. The Due Process Clause of the Fourteenth Amendment forbids the State to knowingly use, or fail to correct, perjured testimony. *See Giglio v. United States,* 405 U.S. 150, 153 (1972); *Napue v. Illinois,* 360 U.S. 264, 271 (1959). To establish a due-process violation, a petitioner must show that (1) a witness for the state testified falsely; (2) the state knew the testimony was false; and (3) such testimony was material. *Knox v. Johnson,* 224 F.3d 470, 477 (5th Cir. 2000). A review of the record shows that Petitioner failed to prove that the prosecution knowingly presented or failed to correct materially false testimony from Burkett at trial. *Kutzner v. Cockrell,* 303 F.3d 333, 337 (5th Cir. 2002). Due process is not implicated by the state's introduction or allowance of false or perjured testimony unless the prosecution actually knows or believes the testimony to be false or perjured; it is not enough that the testimony is inconsistent with prior statements. *Id.* Perjury is not established by mere conflicts between prior statements and the trial testimony of state witnesses. *Koch v. Puckett,* 907 F.2d 524, 531 (5th Cir. 1990).

Under the third claim, Petitioner asserts that the state engaged in misconduct by making deals with witnesses in exchange for their testimony and requesting a motion in limine to prevent any

reference to those deals as well as the "prior bad acts or deeds of the victim," thereby limiting his ability to develop a defense and confront witnesses. Pet. 7, ECF No. 1; SHR 15, ECF No. 12-20; Reporter's R., vol. 2, 23. Deferring to the state courts' implied finding that the claim lacks merit, the state courts' determination is not objectively unreasonable. The record is devoid of any evidence that the prosecution offered a plea bargain or any other inducement in exchange for witness testimony. As noted above, conclusory claims are insufficient to entitle a habeas petitioner to relief. *See Ross,* 694 F.2d at 1011-12. Nor is it misconduct on the part of the prosecution to file a motion in limine. Such motions are routinely filed by parties, and nothing in the record suggests that the prosecution requested the motion for purposes of "secret[ing] witnesses from the jury" and/or limiting Petitioner's ability to develop his defense. SHR 13, ECF No. 12-30. The granting of a motion in limine is a preliminary ruling only. During the trial when the party desires to introduce the evidence which is the subject of the motion in limine, the trial court determines the admissibility of the evidence based on the circumstances and evidence adduced in the trial and the issues raised by the evidence. On the two instances Petitioner wished to introduce evidence of the victim's prior bad acts, the trial court determined that the issue had not yet been raised by the evidence. Reporter's R., vol. 3, 92-95, 133-39. Petitioner does not argue that granting the state's motion in limine was error and nothing indicates that the trial court was unwilling to revisit the issue once the self-defense issue was established by Petitioner.

### C. Incomplete Appellate Record

Under ground four, Petitioner claims that the appellate record was incomplete because he received transcripts that did not include the charge to the jury. Pet. 7, ECF No. 1. Deferring to the state courts' implied finding that the claim lacks merit, the state courts' determination is not

objectively unreasonable. The mere fact that the transcript was incomplete is insufficient to warrant federal habeas relief. A complete, verbatim transcript is not necessarily required to ensure that a defendant's right to meaningful appellate review is satisfied. *See Higginbotham v. Louisiana,* 817 F.3d 217, 222 (5th Cir. 2016); *Moore v. Wainwright,* 633 F.2d 406, 408 (5th Cir. 1980). The record is adequate for full appellate review so long as it contains the portions necessary to address the alleged errors below. *Schwander v. Blackburn,* 750 F.2d 494, 497-98 (5th Cir.1985). A state need not provide those parts of the transcript that are not "germane to consideration of the appeal." *Draper v. Washington,* 372 U.S. 487, 495 (1963). "[N]or is the state required to furnish complete transcripts so that defendants and their counsel may conduct 'fishing expeditions' to seek out possible errors at trial." *Jackson v. Estelle,* 672 F.2d 505, 506 (5th Cir.1982). Claims based on incomplete transcripts must show that "the absence of such a transcript prejudiced [the defendant's] appeal." *Mullen v. Blackburn,* 808 F.2d 1143, 1146 (5th Cir. 1987). In this case, appellate counsel did not request that the jury charge be included in the official clerk's record, the jury charge was not relevant to the issue on appeal, and Petitioner failed to demonstrate any prejudice whatsoever as a result. Clerk's R. 29, ECF No. 12-20.

**D. Estoppel by Silence**

Under his fifth ground, Petitioner asserts that his standby counsel sat silent when Petitioner sought advice regarding how to lay the foundation for introduction of Burkett's video-recorded statement to police. Pet. 7, ECF No. 1. Deferring to the state courts' implied finding that the claim lacks merit, the state courts' determination is not objectively unreasonable. A defendant has no Sixth Amendment right to standby counsel when he waives his right to counsel. *See United States v. Oliver,* 630 F.3d 397, 413-14 (5th Cir. 2011); *United States v. Mikolajczyk,* 137 F.3d 237, 246 (5th

Cir. 1998); *United States v. Morrison,* 153 F.3d 34, 55 (2d Cir. 1998). Standby counsel does not represent the defendant and is, in constitutional terms, "no counsel at all." *United States v. Taylor,* 933 F.2d 307, 312 (5th Cir. 1991). Standby counsel's role is one of an "observer, an attorney who attends the proceeding and who may offer advice, but who does not speak for the defendant or bear responsibility for his defense." *Id.* at 313. Given the limited role of standby counsel, the defendant cannot claim that standby counsel was constitutionally ineffective. *See id.* Petitioner was constitutionally guaranteed the right to represent himself if he so chose, or to receive competent representation from counsel. Having chosen self-representation, standby counsel's "silence" raises no Sixth Amendment issue.

**E. Trial Court Error**

Under this sixth ground, Petitioner asserts that the trial court erred by not allowing him the mandatory 10-day period to prepare for trial as required by former Texas Code of Criminal Procedure article 26.04(b). Pet. 8, ECF No. 1; Pet'r's Traverse 13, ECF No. 15. Deferring to the state courts' implied finding that the claim lacks merit under state law in effect at the time of Petitioner's trial, this Court must defer to that determination. Purely state-law violations provide no basis for federal habeas relief. *See Estelle v. McGuire,* 502 U.S. 62, 67 n.2 (1991); *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle,* 502 U.S. at 67-68. Furthermore, this claim is patently frivolous as the state statute was amended in June 1987 eliminating the 10-day provision. Act of June 19, 1987, 70th Leg., R.S., ch. 979, § 2, 1987 Tex. Gen. Laws 3321, 3323.

9

**B. Ineffective Assistance of Appellate Counsel**

Under his seventh and final ground, Petitioner asserts that his appellate counsel was ineffective by raising only one point of error on appeal and by failing to raise the issue that Petitioner was not given the mandatory 10-day period to prepare for trial. Pet. 9, ECF No. 1. A criminal defendant has a constitutional right to the effective assistance of counsel on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Anders v. California*, 386 U.S. 738, 744 (1967). *See also Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective-assistance claims against appellate counsel). An ineffective-assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*. 466 U.S. at 668. To establish ineffective assistance of appellate counsel under this standard, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance he would have prevailed on appeal. *Id.* Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

Further, in applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound appellate strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where a petitioner's ineffective-assistance-of-counsel claim has been reviewed on its merits and denied by the state courts, a federal court's review must be "doubly deferential" so as to afford both the state courts and counsel the benefit of the doubt. *Burt v. Titlow,* 134 S. Ct. 10, 13 (2013) (quoting *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011)).

Relying on the presumptive correctness of the state courts' implied factual finding that the

claims lacks merit, the state courts' determination is not objectively unreasonable under the doubly-deferential standard. Petitioner claims that counsel should have raised a point regarding the trial court's failure to allow him the 10-day preparation period under article 26.04(b) is frivolous. Appellate counsel is not ineffective for failing to present frivolous or legally meritless arguments on appeal. *See Williams v. Collins,* 16 F.3d 626, 635 (5th Cir. 1994).

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. A certificate of appealability is also DENIED.

**SO ORDERED** on this 23rd day of May, 2019.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**